UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mitchell D. Hudson,                   Case No. 3:21-cv-01577

      Plaintiff

v.                                 ORDER

Ohio Department of Rehabilitation
and Correction, *et al.*,

      Defendants.

**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Mitchell D. Hudson filed this action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC") and the Medical Staff at the Allen Oakwood Correctional Facility. In the Complaint, he contends that he suffered from bleeding on the brain that went undiagnosed for hours. He asserts that the Defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment. He seeks monetary damages.

Plaintiff alleges he suffered a life-threatening medical event shortly after returning to his cell on the afternoon of August 11, 2019. He states he had been playing basketball but returned to his cell with a severe headache in the back of his head. He contends his cellmate summoned corrections officer who reported the situation to the medical department. The medical department

advised Plaintiff to lay down. Medical personnel then came to Plaintiff's cell and examined him. He reported that he had not been fighting nor had he been struck in the head.

Approximately thirty minutes after he returned to his cell, he was escorted to the medical department. He indicates he was told to just pick a cell and lie down, but was not examined. After thirty more minutes passed, Corrections Officer Carpenter walked by Plaintiff's cell and alerted medical personnel that Plaintiff's health appeared to be declining. Carpenter continued to check on Plaintiff every ten minutes for the next seven hours. At approximately 9:00 p.m., Carpenter alerted nursing staff that Plaintiff's condition was significantly worse and he needed to be taken to a hospital. Plaintiff alleges that medical staff still did not take steps to transport Plaintiff to a hospital, so Carpenter called the shift commanders and told them of the situation. Plaintiff was transported to St. Rita's Hospital some time between 10:00 p.m. and 11:00 p.m.

At St. Rita's Hospital, doctors ordered a CAT scan and discovered that Plaintiff was suffering from bleeding on his brain. He was life flighted to Ohio State University Hospital where he underwent emergency surgery to stop the bleeding. He remained at the Ohio State University Hospital in the Intensive Care Unit for six days and then was released to the Franklin Medical Center where he spent another three days. He returned to the Allen Oakwood Correctional Institution on August 20, 2019.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or

2

when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). It requires that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against

3

conditions of confinement which constitute health threats but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Although Plaintiff's medical condition was arguably serious, his Complaint as written does not satisfy the subjective requirements for an Eighth Amendment claim. To meet the subjective element, Plaintiff must allege that a particular individual acted with deliberate indifference to a serious risk to his health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837). The deficiency in Plaintiff's claim is that he has not identified an

4

individual defendant. He names the entire ODRC and the medical staff at the prison. Plaintiff has not suggested that a particular individual subjectively recognized and disregarded a serious risk to Plaintiff's health. He failed to state a claim for violation of his Eighth Amendment rights.

## Conclusion

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge